UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-20718-Civ-COOKE/BANDSTRA

ALBERT SEGAL, and
MARIANNA CHAPAROVA

    Plaintiffs,
vs.

AMAZON.COM, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

THIS MATTER is before me on the Defendant's Motion to Dismiss for Improper Venue, Or Alternatively, Motion To Transfer Venue (ECF No. 26). I have reviewed the Parties' arguments, the record, the complaint, and the relevant legal authorities. For the reasons explained in this order, the Motion To Transfer Venue is granted.

### I. BACKGROUND

The Plaintiffs, Albert Segal and Marianna Chaparova, filed this lawsuit against Amazon.com, Inc., for alleged violations of the Florida Deceptive and Unfair Trade Practices Act, unjust enrichment, accounting, and tortuous interference with business relationships under Florida law. According to the Plaintiffs, beginning in November 2009, the Plaintiffs purchased and sold merchandise on the Defendant's website, specifically the "Amazon Marketplace." On January 31, 2010, the Plaintiffs received an e-mail from Amazon.com stating that funds in the Plaintiffs' "Seller Account" would be held for a period of thirty days. The Plaintiffs claim that, after a nearly two-week period of correspondence, Amazon.com refused to disburse the funds in Plaintiffs' "Seller Account" and blocked Plaintiffs' listings.

When registering for an Amazon Marketplace Seller Account, all prospective sellers are required to navigate through a series of registration prompts and webpages. Prospective sellers provide certain information, create a password, and agree to the terms and conditions for using the Amazon Marketplace. These terms and conditions are known as the "Participation Agreement." Paragraph 18 of the Participation Agreement, entitled "Applicable Law," reads:

> The laws of the state of Washington govern this Participation Agreement and all of its terms and conditions, without giving effect to any principles of conflicts of laws or the Convention on Contracts for the International Sale of Goods. Any dispute with Amazon or its affiliates relating in any way to those terms and conditions or your use of the Services in which the aggregate total claim for relief sought on behalf of one or more parties exceeds $7,500 shall be adjudicated in any state or federal court in King County, Washington, and you consent to exclusive jurisdiction and venue in such courts.

(Def.'s Mot. to Dismiss, p. 3, ECF No. 26).

Amazon.com, relying on the Participation Agreement, moves for dismissal for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406 or, in the alternative, to transfer for improper venue to the U.S. District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Amazon.com argues venue is improper because the Participation Agreement includes a mandatory forum-selection clause that provides for exclusive jurisdiction against them in King County, Washington. In response, Plaintiffs argue the forum-selection clause is unfair, and is both procedurally and substantively unconscionable.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under a Section 1404(a) analysis, a choice of forum clause is "'a

*significant* factor that figures *centrally* in the district court's calculus.'" *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "[W]hile other factors might conceivably militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *Id.* (citation omitted). "By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen." *Id.* Under federal law, forum-selection clauses are "prima facie valid" and will be enforced unless shown to be "unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (internal quotation omitted).

### III.  DISCUSSION

The Plaintiffs argue they are not bound by the forum-selection clause included in the Participation Agreement. They claim the terms were not freely bargained for and are unconscionable, and that complying with the forum-selection clause would effectively deprive them of their day in court.

In *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585 (1991) the Supreme Court upheld a forum-selection clause on the back of a cruise ticket purchased by a consumer who was later injured aboard the vessel. The Supreme Court rejected the lower court's finding that the plaintiffs were "physically and financially incapable of pursuing [their] litigation in Florida." *Id.* at 594. The Court rejected the lower court's "determination that a non-negotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining," and found that the plaintiffs had not met the "heavy burden of proof required to set aside the clause on grounds of inconvenience." *Id.* at 593, 595 (internal citation omitted).

The Supreme Court explained that forum selection clauses "are subject to judicial

3

scrutiny for fundamental fairness." *Id.* at 594.  A forum-selection clause can only be invalidated on a showing of a "bad faith motive" where the forum was chosen "as a means of discouraging [parties] from pursuing legitimate claims." *Id.* at 595.  After noting that Florida was the principal place of business for the cruise line and that many cruises departed from that location, the Court concluded that there was no evidence of a bad-faith motive.

In this case, there is no discernible fraud or bad-faith motive sufficient to invalidate the forum-selection clause.  The Defendant has its principal place of operation in Washington, the forum specified in the Participation Agreement.  There is no evidence that Defendant chose this forum to prevent parties from pursuing legitimate claims.  Furthermore, like the plaintiffs in *Shute*, the Plaintiffs here agreed to the terms of the Participation Agreement, *including the forum-selection clause*.  The fact that a forum-selection clause is contained within a so-called "clickwrap agreement," where a user accepts a website's terms and conditions, does not in and of itself render the clause invalid.  "In Florida and the federal circuits . . . clickwrap agreements are valid and enforceable contracts."  *Salco Distributors, LLC v. iCode, Inc.*, 2006 WL 449156, at *2 (M.D. Fla. 2006); *see also A.V. v. iParadigms, LLC,* 544 F. Supp. 2d 473, 480 (E.D. Va. 2008), *rev'd on other grounds by A.V. ex rel. Vanderhye v. iParadigms, LLC,* 562 F.3d 630 (4th Cir. 2009) (finding that the parties entered into a valid contract when the plaintiffs clicked "I Agree" to a clickwrap agreement on one occasion); *Koresko v. RealNetworks, Inc.,* 291 F. Supp. 2d 1157, 1162–63 (E.D. Cal. 2003) (finding forum selection clause enforceable where plaintiff clicked once on a button marked "I agree.").

The Plaintiffs' admitted failure to read the Participation Agreement does not excuse compliance with its terms.  *See Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 236 (E.D. Pa. 2007) (noting that "[a]bsent a showing of fraud, failure to read an enforceable clickwrap

agreement, as with any binding contract, will not excuse compliance with its terms.").

The Plaintiffs could bring the present action in Washington. While Plaintiffs claim that doing so is financially unfeasible, this does not rise to the level of difficulty and inconvenience that would deprive them of their day in court. *See, e.g., P & S Bus. Mach., Inc. v. Canon U.S.A., Inc.,* 331 F.3d 804, 807 (11th Cir. 2003) (noting "[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause") (citing *Bonny v. Society of Lloyd's,* 3 F.3d 156, 160 n.11 (7th Cir. 1993) (reasoning that a "party's financial status at any given time in the course of litigation cannot be the basis for enforcing or not enforcing a valid forum selection clause")).

### *IV. CONCLUSION*

For the reasons set forth above, it is **ORDERED and ADJUDGED** as follows:

1. The Defendant's Motion To Transfer Venue (ECF No. 26) is **GRANTED**.

2. The Clerk shall take all necessary steps to **TRANSFER** this case to the U.S. District Court for the Western District of Washington.

**DONE and ORDERED** in chambers, at Miami, Florida, this 4th day of February 2011.

*Marcia G. Cooke*
_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*