UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERT SEGAL, *et al.*,

    Plaintiffs,

    v.

AMAZON.COM, INC.,

    Defendant.

Case No. C11-0227RSL

ORDER REGARDING PENDING
DISCOVERY MOTIONS

    This matter comes before the Court on three discovery motions: (1) defendant's motion to compel plaintiffs to appear for their depositions, to compel plaintiffs to provide contact information for their disclosed witnesses, and to continue the deadlines for completing discovery and filing dispositive motions; (2) plaintiffs' motion to compel the deposition of defendant's Rule 30(b)(6) witness; and (3) plaintiffs' motion to compel defendant to augment its responses to plaintiffs' discovery requests. Plaintiffs are proceeding *pro se*. The parties have certified that they have met and conferred prior to filing these discovery motions but were unable to resolve the matters without the Court's assistance.

    This action arises from plaintiffs' use of defendant's "Amazon Marketplace" to sell textbooks and other merchandise over the internet. Plaintiffs complain that Amazon improperly

ORDER REGARDING
PENDING DISCOVERY MOTIONS - 1

withheld approximately $1,300 of the funds in their "Seller Account" for a period of time pending an investigation into plaintiffs' sales practices on the Amazon Marketplace. Plaintiffs also allege that Amazon unfairly terminated their access to the Amazon Marketplace after its investigation. Plaintiffs originally filed this lawsuit in the United States District Court for the Southern District of Florida, Miami Division. They alleged violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), unjust enrichment, accounting, and tortious interference with business relationships. While the case was pending before that court, the parties filed these discovery motions. Subsequently, on February 4, 2011, the case was transferred to this Court.

**A.    Defendant's Motion to Compel Plaintiffs' Depositions and Witness Contact Information and for a Continuance.**

On December 4, 2010, defendant served each plaintiff with a notice of deposition to occur on December 20 and 22, 2010. Defense counsel also informed plaintiffs that Amazon would be amenable to changing the date to any earlier date in December. Plaintiffs responded that they were unable to appear on the designated days and proposed dates after the January 3, 2011 discovery deadline. Defendant rescheduled the depositions for January 3, 2011, but plaintiffs refused to appear on that date.

Plaintiffs do not dispute defendant's right to depose them. Instead, they argue that defendant should not be permitted to depose them until after they have had a chance to depose Amazon's Rule 30(b)(6) deponent. The applicable discovery rules, however, contemplate that the parties will conduct discovery simultaneously and do not permit one party to withhold discovery pending receipt of its own requested discovery. Fed. R. Civ. P. 26(d)(2)(B) ("discovery by one party does not require any other party to delay its discovery."). Moreover, plaintiffs, who have brought this suit, should be able to answer deposition questions about their case without first obtaining defendant's discovery. Accordingly, defendant may renote plaintiffs' depositions for a mutually agreeable date; plaintiffs may not refuse to attend on the

1  basis that they have not yet deposed defendant's Rule 30(b)(6) witness.

2  In its scheduling order, the United States District Court for the Southern District of
3  Florida required the parties to serve, by December 3, 2010, a witness list that identified the
4  names "and addresses" of all fact witnesses intended to be called at trial. (Dkt. #31). Despite
5  that clear directive and defendant's requests, plaintiffs have refused to provide contact
6  information for the fact witnesses they listed. Nor have they offered any reasonable justification
7  for failing to do so. Although they vaguely allege that Amazon might harass the potential
8  witnesses, that contention is unsupported. Accordingly, plaintiffs must provide contact
9  information for all of the fact witnesses they have disclosed within ten days of the date of this
10 order. Otherwise, the Court will order that those witnesses are precluded from testifying or
11 offering declarations in support of plaintiffs' case.

12 Finally, defendant requests an additional forty-five days to conduct discovery. Plaintiffs
13 concede that an extension of the discovery deadline is warranted but aver that thirty days is
14 sufficient. A forty-five day extension is warranted in light of the fact that extensive discovery
15 remains, including conducting plaintiffs' depositions, contacting (and potentially deposing)
16 plaintiffs' fact witnesses, and conducting a Rule 30(b)(6) deposition of defendant's
17 representative.

18 **B.    Plaintiffs' Motion to Compel a Rule 30(b)(6) Deposition.**

19 Plaintiffs seek an order compelling defendant to provide a witness for a Federal Rule of
20 Civil Procedure 30(b)(6) deposition. Amazon does not object to providing a witness; however, it
21 argues that plaintiffs' proposed topics are overbroad. Plaintiffs have requested, by e-mail, to
22 question a witness regarding "all matters raised in [the] amended complaint, including Amazon's
23 management, operational, and financial matters." Amazon's Response, (Dkt. 48-1), Ex. 1. After
24 Amazon objected, plaintiffs sent a second e-mail, requesting a deponent to testify regarding the
25 previously identified matters and also those matters "related to the claims in [the] Amended
26 Complaint and Amazon's SEC filings (10-Q and 10-K filings)." Id., Ex. 2. Plaintiffs' request is

ORDER REGARDING
28 PENDING DISCOVERY MOTIONS - 3

1  overbroad and seeks information not reasonably calculated to lead to the discovery of admissible
2  evidence. Moreover, plaintiffs have failed to serve a proper deposition notice[1] or to identify with
3  reasonable particularity the topics to be covered. However, because plaintiffs are *pro se* and are
4  entitled to conduct a Rule 30(b)(6) deposition, the Court will offer guidance about what such a
5  deposition could entail.[2] Defendant has offered to provide a witness to testify about matters
6  related to plaintiffs' account and their experience on Amazon Marketplace. Id., Ex. 3. If
7  plaintiffs serve a proper deposition notice, they may depose a witness on those topics. In
8  addition, Amazon's designated witness must be prepared to testify regarding Amazon's practice
9  and policies, if any, related to withholding sellers' funds and terminating their accounts under
10 the circumstances at issue in this case. The parties must schedule the deposition at a mutually
11 convenient time. If plaintiffs are unwilling to travel to Seattle for the deposition, they may
12 conduct the deposition by telephone. Plaintiffs, as the parties seeking the deposition, shall be
13 responsible for the cost of the court reporter. Otherwise, each party will bear its own costs
14 related to the deposition.

**C.    Plaintiffs' Motion to Compel Supplemental Discovery Responses.**

16  Plaintiffs have sought broad discovery regarding Amazon's interactions with other
17 Marketplace participants, including "any documents that relate to those customers whose funds
18 were withheld from them . . . in excess of thirty (30) days during 2008-2010." Plaintiffs'
19 Motion, Ex. 6. Plaintiffs' request for discovery about other participants is overbroad because
20 they are not prosecuting a class action. Although plaintiffs' request for information regarding

---

[1] Plaintiffs are reminded that they must sign all of their discovery requests.

[2] The Court will permit plaintiffs to take a Rule 30(b)(6) deposition even though they moved to do so after the close of the discovery period because the Court is granting defendant's motion to extend the discovery deadline and because plaintiffs at least sought to take the deposition in a timely manner.

ORDER REGARDING
PENDING DISCOVERY MOTIONS - 4

other participants might arguably be relevant to their FDUTPA claim,[3] defendant has persuasively argued that such a claim is barred by the parties' participation agreement, in which plaintiffs agreed to be bound by Washington law.  Unless plaintiffs can convince the Court that their FDUTPA claim survives and that broader discovery could lead to the discovery of evidence relevant to that claim, the Court will not require defendant to produce discovery regarding other participants.  Nor will the Court require defendant to produce its "financial records for 2008-2010" and its bank statements.  At this point, it appears undisputed that Amazon temporarily withheld plaintiffs' funds; the only issue is whether it did so legally.  Therefore, the request for financial records is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  Finally, Amazon has represented, and plaintiffs do not dispute, that Amazon has produced documents related to plaintiffs' account and their use of Amazon Marketplace.  Plaintiffs have not specifically identified any additional information they need to prosecute their case.  For all of those reasons, their motion to compel is denied.

Accordingly, defendant's motion to compel (Dkt. #40) is GRANTED.  The Clerk of the Court is directed to issue an amended case schedule.  The discovery deadline shall be approximately forty-five days from the date of this order, and all remaining deadlines shall flow from that date.  Plaintiffs' motion to compel the attendance of a Rule 30(b)(6) witness (Dkt. #43) is GRANTED IN PART AND DENIED IN PART as set forth above.  Plaintiffs' motion to

---

[3] While this case was pending in Florida, defendant moved to change venue or alternatively, to dismiss.  That motion was granted regarding the change of venue without a ruling on the merits of the claims, and defendant has not refiled a motion to dismiss.

ORDER REGARDING
PENDING DISCOVERY MOTIONS - 5

1  compel the production of additional documents (Dkt. #39) is DENIED.

3       DATED this 7th day of March, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING
PENDING DISCOVERY MOTIONS - 6