UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALBERT SEGAL, *et al.*,

    Plaintiffs,

    v.

AMAZON.COM, INC.,

    Defendant.

Case No. C11-0227RSL

ORDER DENYING MOTION
FOR A STAY PENDING APPEAL

    This matter comes before the Court on plaintiffs' motion for a stay of this case pending resolution of their petition for a writ of mandamus to the Eleventh Circuit Court of Appeals. On February 4, 2011, the Honorable Marcia G. Cooke, United States District Judge, granted defendant Amazon.com's motion and transferred this case to this Court from the United States District Court for the Southern District of Florida, Miami Division. Plaintiffs now seek a writ of mandamus vacating that order and contend that this Court should stay all proceedings pending the outcome of that petition.

    In deciding whether to stay a case pending appeal, which is essentially the relief plaintiffs seek through their petition for a writ, the Ninth Circuit considers: (1) the appellants' likelihood of success on the merits, (2) the likelihood of irreparable harm absent a stay, (3) the likelihood of

ORDER DENYING MOTION
FOR A STAY - 1

substantial injury to other parties if a stay is issued, and (4) the public interest.  See, e.g., Golden Gate Rest. Ass'n v. City of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008).  As for the first element, plaintiffs' motion is wholly without merit.  The Eleventh Circuit may lack jurisdiction over plaintiffs' petition for a writ now that the case has been transferred.  See, e.g., Chrysler Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1517 n.6 (10th Cir. 1991) (explaining that appellate jurisdiction ends when the transfer occurs unless the transfer occurred without proper authority or the transferee court lacks jurisdiction).  Even if the Eleventh Circuit has jurisdiction to review the petition, it will likely fail.  Mandamus is an extraordinary remedy that is available only in very limited circumstances not present here.  See, e.g., Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).  In contrast to the extraordinary nature of the remedy they seek, plaintiffs have failed to support their motion, which is based in large part on the same arguments they made to Judge Cooke.  Although they claim that she failed to address those arguments, her well reasoned and thorough opinion demonstrates that she did so.

Nor have plaintiffs demonstrated that they are likely to suffer irreparable injury absent a stay.  Although they have argued that litigating the case in Washington is inconvenient, such inconvenience hardly amounts to irreparable injury, particularly in this era of modern communication and travel.  Plaintiffs also argue that they will suffer prejudice if the case is litigated here because some of their claims are based on Florida law.  Even if those claims survive despite the parties' contract, this Court can competently evaluate all of plaintiffs' claims.  Furthermore, a stay will likely prejudice Amazon, which has a motion to dismiss noted for April 15, 2011.  Amazon, this Court, and the public have an interest in the expeditious resolution of this litigation, and a stay will significantly and negatively impact that interest.  For all of those reasons, plaintiffs have failed to show that a stay is warranted and their motion for a stay (Dkt. #59) is DENIED.

As a final matter, it appears from the correspondence appended to defendant's response that plaintiffs' filing of this frivolous motion is not the only way in which they are being

ORDER DENYING MOTION
FOR A STAY - 2

1 obstreperous in this litigation.  Rather, they are also continuing to flout their discovery
2 obligations.  By order dated March 7, 2011, the Court granted defendant's motion to compel and
3 ordered plaintiffs to provide addresses for their fact witnesses and to appear for their depositions.
4 In response to an e-mail seeking that discovery, plaintiffs acknowledged that they have not
5 provided any witness addresses, even though the date to do so has passed.  Regarding their
6 depositions, plaintiffs responded that "they will have to be conducted telephonically because we
7 will be out of state during April and most of May."[1]  Response, Ex. A.  Plaintiffs are obviously
8 key witnesses in their own case, they must cooperate in discovery generally and in scheduling
9 the depositions specifically, and they cannot unilaterally require defendant to take their
10 depositions telephonically.  In addition to being uncooperative, plaintiffs' demand for telephonic
11 depositions is substantively unreasonable when defendant has offered to take the depositions
12 near plaintiffs' home in Miami.  Therefore, plaintiffs are warned that they must submit to in-
13 person depositions in Miami and provide addresses for their fact witnesses as previously ordered
14 or the Court may impose sanctions on them.

16        DATED this 5th day of April, 2011.

                                     *signature*
19                          Robert S. Lasnik
                            United States District Judge

---

26    [1] Plaintiffs' alleged months' long out of state travel further undermines their argument that they will suffer grave injury if forced to litigate outside their home area of Miami.

ORDER DENYING MOTION
FOR A STAY - 3